UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLEN ABNEY and BEECHER SOMEWHERE IN TIME, INC., <br>     Plaintiffs, <br><br> v. <br><br> BADGER MUTUAL INSURANCE COMPANY, <br>     Defendant. | Case No. 12 C 4467 <br><br> Magistrate Judge Geraldine Soat Brown |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Glen Abney and Beecher Somewhere in Time, Inc. ("Beecher") allege that defendant Badger Mutual Insurance Company ("Badger") breached a commercial insurance contract by refusing to pay for fire damage to the building where Mr. Abney operated Beecher. (Am. Compl.) [Dkt 22.] Mr. Abney owned the building, which included a second-floor apartment above the business. (*Id.* ¶ 6.) Badger contends that there is no coverage under the contract because Mr. Abney intentionally set the fire. (Def.'s Ans.) [Dkt 23.] A jury trial is scheduled to begin on February 24, 2014. [Dkt 61.] The court has jurisdiction under 28 U.S.C. § 1332,[1] and the parties have consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636. [Dkt 18.] Before the court are Badger's motions in limine. [Dkt 65-68.] Plaintiffs have not filed any motions in limine but have responded to Badger's. [Dkt 69-72.] The motions are ruled on as set forth below.

---

[1] According to the notice of removal, Mr. Abney is an Illinois citizen, Beecher is incorporated in Illinois and has its principal place of business in Illinois, and Badger is incorporated in Wisconsin and has its principal place of business in Wisconsin. (Am. Not. Rem.) [Dkt 7.]

1

**Legal Standard**

A motion in limine should be granted if the evidence "clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *see Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). "The moving party bears the burden of demonstrating blanket inadmissibility." *Wielgus v. Ryobi Techs., Inc.*, 893 F. Supp. 2d 920, 923 (N.D. Ill. 2012). If that standard is not met, "evidentiary rulings should be deferred until trial, where decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.* Denial of a motion in limine is not a ruling that the material subject to the motion is necessarily admissible; it "means only that outside the context of trial, the court cannot determine whether the evidence in question is admissible." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994).

**Discussion**

**I.    Motion in Limine No. 1 to Bar Evidence of Other Insurance Claim**

Badger first moves to exclude any evidence of AAA Insurance Company's ("AAA") payment to Mr. Abney under a separate insurance policy covering personal property in the second-floor apartment. (Def.'s Mot. No. 1 at 1-2.) [Dkt 65.] Badger relies on Fed. R. Evid 403, which allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As the Seventh Circuit explains, "when the evidence appears to be of slight probative value, district courts may properly exclude it under Rule 403 to avoid a series of collateral 'trial[s] within the trial' which would result in

confusion and undue delay." *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 687 (7th Cir. 1998) (quoting *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990)).

Badger maintains that mention of AAA's decision to provide coverage would mislead the jury because it did not influence Badger's denial of coverage. (Def.'s Mot. No. 1 at 3.) Badger further argues that allowing discussion of AAA's decision would lead to needless waste by requiring a "mini-trial" about differences between the companies' investigations and coverage decisions. (*Id.* at 3-4.) In support, Badger asserts that AAA's coverage was for a significantly smaller amount than Badger's. (According to Badger, the personal property claim was in the amount of approximately $27,000, while the claim for the building was in the amount of approximately $180,000.) (*Id.* at 2 n. 2.) Badger also says that its investigators conducted a more thorough examination of the circumstances surrounding the fire, including Beecher's finances and an eyewitness neighbor's account. (*Id.* at 4.) In response, plaintiffs argue that it is "disingenuous" for Badger to argue that AAA's investigation and decision did not influence Badger's investigation and decision because representatives from the two companies "testified that they exchanged email communications regarding their respective claims while they were pending" (the emails were not provided to the court) and purportedly split the cost of a "Cause and Origin Report" for the fire. (Pls.' Resp. No. 1 at 1-2.) [Dkt 69.] Plaintiffs argue that it is "unquestionably relevant" that the companies came to different conclusions in part based on this same piece of evidence. (*Id.* at 1-2.)

Plaintiffs overstate the probative value of AAA's coverage decision. The central question in this case is whether Badger breached the terms of its policy with plaintiffs by denying coverage on the ground that the cause of the fire at issue was incendiary. Although AAA and Badger may have considered some of the same information to arrive at their respective decisions, the plaintiffs

3

have not pointed to any evidence that AAA's coverage decision influenced Badger's. The mere fact that the companies' employees communicated about the fire during the investigatory process is not enough to show that AAA's coverage decision played any part in Badger's decision. Plaintiffs also emphasize the shared cost of the origin report, but why is that relevant to prove that Badger's decision was wrong? AAA insured a different risk under a different contract for a different amount and may have had reasons for its decision unrelated to whether or not Badger's decision was correct. Thus, AAA's decision to cover Mr. Abney's personal property, even after consideration of the same origin report as Badger, is of questionable use to plaintiffs' case. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91 C 6103, 1994 WL 502955 at *2 (N.D. Ill. Sept. 13, 1994) (refusing to compel discovery of other insurers' coverage of fire damage because other insurers' decisions about whether fire was arson was not relevant to judge's determination of that question at bench trial).

Moreover, there is a substantial risk that introduction of evidence about AAA's coverage decision will confuse the issues, mislead the jury, and waste time. If evidence of AAA's coverage decision is admitted, Badger would need to present evidence about differences in the terms of the policies, AAA's process for investigating and deciding claims, and differences in insuring personal belongings versus commercial property. Any probative value of AAA's coverage decision is substantially outweighed by the likelihood that Badger's efforts to distinguish AAA's decision will turn into a trial within a trial on an issue that has little bearing on whether Mr. Abney intentionally set fire to his building. Thus, the evidence is properly excluded. *See Manuel v. City of Chicago,* 335 F.3d 592, 596-97 (7th Cir. 2003) (upholding exclusion of evidence of other discrimination accusations to avoid "mini-trials" distinguishing them); *Intl. Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co.*, 998 F.2d 504, 508 (7th Cir. 1993) (upholding exclusion of reinsurer's position in

earlier litigation because evidence would confuse and mislead jury); *Allendale Mut. Ins. Co.*, 1994 WL 502955 at *2 (concluding that "[e]ven if such information [about other insurers' coverage of fire damage] is relevant, the tremendous detour it would entail to fully understand why other insurers did not follow the path taken by [insurance company at issue] would warrant exclusion of such evidence due to the extreme waste of time to obtain evidence of minimal probative value").

At this stage, Badger's motion in limine no. 1 to bar discussion of AAA's payment of Mr. Abney's claim is granted. If, however, it later becomes evident that AAA's coverage decision has more relevance to Badger's decision than the mere fact that AAA paid the claim and Badger did not, plaintiffs may request reconsideration of this ruling.

## II.     Motion in Limine No. 2 to Open and Close Case

Second, Badger argues that it should be allowed to open the case, present its evidence first, and close last because it "has the burden of proof on its affirmative defenses." (Def.'s Mot. No. 2 at 1.) [Dkt 66.] Badger cites *Moylan v. Meadow Club, Inc.*, 979 F.2d 1246, 1251 (7th Cir. 1992), which affirmed a district court's reversal of the order of summations when the only remaining issue at closing was the defendant's affirmative defense.

The court is not convinced, however, that Badger should be allowed to present its case first. First, *Moylan* underscores that "[t]he order of argument lies within the sound discretion of the district court." 979 F.2d at 1251. Moreover, plaintiffs rightly point out that Badger has not conceded that it breached the contract at issue, so plaintiffs appear to still bear the burden of establishing the prima facie elements of breach of contract. (Pls.' Resp. No. 2.) [Dkt 70.]

That being said, the issues in this case will be refined by submission of the final pretrial order

and the facts presented during the course of the trial. The court thus reserves the right to reverse the order of summations if appropriate at a later stage in this proceeding. Badger's motion in limine no. 2 is denied as to the order of opening statements, and the court will decide the order of presentation of evidence and closing statement in sufficient time for the parties to prepare for those portions of the trial.

### III. Motion in Limine No. 3 to Bar Reference to Non-Prosecution

Third, Badger asks the court to bar plaintiffs from mentioning that neither Mr. Abney nor any other Beecher representative was ever convicted or arrested for arson, arguing that the probative value of this evidence is substantially outweighed by its prejudicial effect. (Def.'s Mot. No. 3 at 2.) [Dkt 67.] Plaintiffs contend that this argument "rings hollow" because, "if Mr. Abney had been convicted of arson, Badger Mutual would be able to impeach him with this fact at trial." (Pls.' Resp. No. 3 at 1.) [Dkt 71.] They also argue that the evidence is needed because Mr. Abney and his neighbor who witnessed the fire are expected to testify that police responded to the fire. (*Id.* at 1-2.) According to the plaintiffs, not providing the jury with the conclusion of the police investigation will prejudice their case. (*Id.* at 2.) Additionally, plaintiffs point out that Badger does not cite any decisions from the Seventh Circuit or Northern District of Illinois in support of its position. (*Id.* at 1.)

Although Badger does not cite decisions from this circuit, Badger's argument is amply supported by decisions from other circuits. At least five circuit courts have specifically concluded that it is improper to admit evidence of non-prosecution or acquittal of criminal arson charges in a civil insurance case. *See Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 572-73 (5th Cir.

6

2008); *Rabon v. Great Sw. Fire Ins. Co.,* 818 F.2d 306, 309 (4th Cir.1987); *Kelley's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir.1987); *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985). These courts reason that this evidence is highly prejudicial and that a decision not to file criminal charges is based on significantly different factors than those applicable in a civil case. Plaintiffs do not attempt to distinguish these decisions from the situation here.

Moreover, it is premature to decide, as plaintiffs urge, that testimony about the police investigation opens the door to testimony about non-prosecution. The Third Circuit rejected a similar argument, concluding that evidence about an investigation by fire officials did not justify the admission of non-prosecution evidence when that evidence would not directly rebut the officials' testimony. *Am. Home Assurance Co.*, 753 F.2d at 325. The Eighth Circuit also rejected the argument that non-prosecution evidence was needed to rebut testimony about a police investigation, noting that testimony by police investigators had concerned the cause of the fire, not the ensuing criminal investigation. *Goffstein,* 764 F.2d at 525. Additionally, in *Rabon,* the Fourth Circuit ruled that remarks about a criminal investigation had not opened the door to evidence of non-prosecution because the remarks had been primarily elicited by the plaintiff. 818 F.2d at 309. In line with these cases, as long as Badger does not elicit testimony suggesting that criminal proceedings *were* initiated against Mr. Abney, evidence that he was not charged with arson is inadmissible.

Accordingly, Badger's motion in limine no. 3 is granted. If Badger presents evidence at trial suggesting to the jury that Mr. Abney was prosecuted for arson, plaintiffs may request reconsideration of this ruling.

**IV.     Motion in Limine No. 4 to Bar Argument About Delay**

Finally, Badger moves to exclude any evidence related to plaintiffs' allegation that Badger's refusal to pay the insurance claim was vexatious and unreasonable. (Def.'s Mot. No. 4.) [Dkt 68.] Badger argues that this evidence is irrelevant to the question of liability on the insurance contract and notes that this court previously bifurcated the issues of Badger's liability for breach of contract and its purported bad faith. (Order, May 9, 2013.) [Dkt 53.] The order also stayed discovery on the bad faith claim. (*Id.*) As a result, plaintiffs have not conducted discovery on this issue and state that they do not intend to litigate it at this time. (Pls.' Resp. No. 4.) [Dkt 72.] Because the parties agree that plaintiffs' argument about unreasonable delay is not being tried at this time, there will be no mention of that claim. Accordingly, Badger's motion in limine no. 4 is denied as moot.

**Conclusion**

For the reasons stated above, Badger's motions in limine no. 1 and 3 are granted. Badger's motion in limine no. 2 is denied as to opening statements, and the court will decide the order of presentation of evidence and closing statement at a later time. Badger's motion in limine no. 4 is denied as moot.

_____
Geraldine Soat Brown
United States Magistrate Judge

**DATE:** January 9, 2014